## UNITED STATES v. OLDENBURG.
### No. 8103.

Circuit Court of Appeals, Seventh Circuit.

May 18, 1943.

Edward J. Hess, of Chicago Ill., for appellant.

J. Albert Woll, U. S. Atty., and Thomas B. Hart, Sp. Asst. to U. S. Atty., both of Chicago, Ill., for appellee.

Before MAJOR, KERNER and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

The defendant, along with five others, was charged by an indictment returned May 1, 1940, with violating 18 U.S.C.A. § 338 (using the mails to defraud), 15 U. S.C.A. § 77q (using the mails to defraud in sale of securities), and 15 U.S.C.A. § 77e (using mails in sale of unregistered securities). This appeal is from a judgment of conviction, entered July 3, 1942.

Defendant Oldenburg's indictment and sentence resulted from his association and connection with an organization known as Universal Order of Plenocrats. This Court has heretofore had occasion to discuss the method of its operations. The conduct complained of in the instant case is similar to that related in Securities and Exchange Commission v. Universal Service Association, et al., 7 Cir., 106 F.2d 232, and there is no need to review the activities which were previously condemned. This Court held in that case that certificates similar to those sold by defendant for the Universal Order of Plenocrats were securities under the Securities Exchange Act, 15 U.S.C.A. § 77b, et seq. The Court also enjoined certain of the named defendants (not appellant) from certain fraudulent representations in the further sale of such certificates. It is admitted that defendant had knowledge of this prior suit and of the injunction issued therein. The same practice which we have previously condemned as fraudulent and as a misrepresentation is clearly shown in the instant case, and without doubt discloses a scheme to defraud.

The only question seriously urged on this appeal is whether defendant knowingly participated in the scheme to defraud. That such was the fact is conclusively demonstrated by appellant's own admissions. Defendant admitted that he knew of the prior suit and injunction; he admitted that he was at one time president of the Universal Order of Plenocrats; he admitted that as a real estate broker he had knowledge of the value of farm land; he admitted selling certificates subsequent to the issuance of the injunction; he admitted soliciting memberships after being informed of the Universal Order of Plenocrats' insolvency. Defendant's name also appeared on the letterhead of the order as a member of the National Board of Managers. In view of these admissions, it is inconceivable that the defendant was without knowledge of the fraudulent scheme and that he did not participate therein.

It is also pointed out that the government failed to offer any proof that

the securities described in counts 19 to 24 of the indictment were not registered. As the sentence imposed, however, was no greater than that which could have been imposed on any other one count of the indictment, we need not consider this point.

■ Defendant's further contention that he honestly believed that which the Universal Order of Plenocrats taught and the ideas disseminated by him, does not justify his fraudulent activities. Moore v. United States, 7 Cir., 2 F.2d 839; Linn v. United States, 7 Cir., 234 F. 543; Pandolfo v. United States, 7 Cir., 286 F. 8.

For the foregoing reasons, the judgment imposed by the District Court must be affirmed.